**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

---

**ELMER KEITH TAYLOR,**

    **Plaintiff,**

    **v.**                                                        **Case No. 06-C-0622**

**MILWAUKEE COUNTY GENERAL HOSPITAL,**

    **Defendant.**

---

## **DECISION AND ORDER**

Plaintiff Elmer Keith Taylor, who is proceeding pro se, lodged a civil rights complaint against the Milwaukee County General Hospital pursuant to 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998).

It is for the court granting or denying leave to proceed in forma pauperis to determine whether a prisoner has accumulated three strikes under § 1915(g). Gleash v. Yuswak, 308 F.3d 758, 761-62 (7th Cir. 2002)(whether a prisoner is disqualified under § 1915(g) must be determined by the court in which the <u>fourth</u> action is filed)(emphasis in original). In this case, the plaintiff has accumulated three "strikes" as follows: 1) Taylor v. Bracker, Case No. 06-C-001 (N.D. Iowa), dismissed as frivolous on January 19, 2006; 2) Taylor v. Boyden, Case No. 06-C-3006 (N.D. Iowa), dismissed as frivolous on March 27, 2006; and 3) Taylor v. Milwaukee County Public School, Case No. 06-C-621 (E.D. Wis.), dismissed as frivolous on August 2, 2006.

As to plaintiff's first strike in Taylor v. Bracker, a prisoner who files suit in this district may be assessed a strike if he seeks to challenge the fact or duration of his confinement under § 1983 instead of filing a petition for writ of habeas corpus. In Hickles v. Benkley, 2006 U.S. Dist. LEXIS 28769 (E.D. Wis. Apr. 6, 2006), the plaintiff filed a § 1983 action challenging the validity of his conviction that was allegedly obtained with false statements and doctored evidence. In dismissing the case, United States District Judge William C. Griesbach assessed plaintiff a strike for failure to state a claim upon which relief may be granted because the complaint sought release from prison and did not contain any claims concerning the conditions of his confinement. Similarly, in Locke v. Chiarkas, Case No. 05-C-0408 (E.D. Wis. Oct. 25, 2005), the plaintiff filed a § 1983 action challenging the legality of his conviction and requesting a new trial. United States District Judge J.P. Stadtmueller dismissed the case and held that the assessment of a strike under § 1915(g) was warranted because the writ of habeas corpus is the exclusive remedy for prisoners seeking release from custody.

2

The court is aware that the assessment of a strike against plaintiff in Taylor v. Bracker may at first appear to be inconsistent with United States District Judge Barbara B. Crabb's recent decision in Acoff v. Frank, 2006 U.S. Dist. LEXIS 26087 (W.D. Wis. May 1, 2006). However, a thorough review of Taylor v. Bracker reveals that it is distinguishable from Acoff on several grounds.

In Acoff, the prisoner plaintiff filed a § 1983 civil rights action, alleging that the defendants violated his constitutional rights by miscalculating his mandatory release date which resulted in his being held beyond his rightful release date. 2006 U.S. Dist. LEXIS 26087, *2. In dismissing the case, Judge Crabb informed the plaintiff that § 1983 was not the proper avenue to challenge the duration of his confinement and advised him to pursue his claim by filing a petition for writ of habeas corpus. Id. at *3. However, she declined to issue a strike against the plaintiff because "dismissal of an action for failure to use the proper avenue for relief is not a ground listed in §1915(g) for recording a strike." Id. at *4.

In contrast, in Taylor v. Bracker, when the plaintiff sought to challenge the validity of his confinement under § 1983, the court dismissed his case because he had already filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Indeed, his § 1983 complaint essentially asserted the same claims as his habeas corpus petition. Moreover, the plaintiff did not have an available cause of action under §1983 because any claim seeking damages for his unlawful confinement was barred pursuant to Heck v. Humphrey, 512 U.S. 477, 486 (1994). Thus, Taylor v. Bracker was not dismissed for failure to use the proper avenue for relief; it was dismissed for being frivolous. See Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999)("The term 'frivolous' is used to denote not only a claim that

3

is wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

As noted, the plaintiff's two other cases, Taylor v. Boyden and Taylor v. Milwaukee County Public School, were also dismissed as frivolous. Therefore strikes were properly imposed in these cases. Thus, plaintiff's litigation history reveals that he has brought three actions that have been dismissed as frivolous. Consequently, he has "struck out" under § 1915(g). Based on the foregoing, the plaintiff's motion for leave to proceed in forma pauperis will be denied.

The plaintiff is advised that he is obligated to pay the $338.82 balance of the filing fee. 28 U.S.C. § 1915(b)(1); Newlin v. Helman, 123 F.3d 429, 436-37 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The plaintiff has thirty days from the date of this order in which to pay the $338.82 balance of the filing fee. Failure to pay the filing fee in the designated time will result in dismissal of the plaintiff's action. Furthermore, the plaintiff is hereby advised that any appeal of this order will obligate him to pay the $455.00 appellate filing fee. Newlin, 123 F.3d at 436-37.

## MOTION TO ADD PLAINTIFF

The plaintiff has filed a motion to add his mother as a plaintiff in this action. (Docket # 6). Rule 11(a) of the Federal Rules of Civil Procedure provides in relevant part: "Every pleading . . . shall be signed by at least one attorney of record . . ., or, if the party is not represented by an attorney, shall be signed by the party." An individual may appear in federal court only pro se or through counsel. 28 U.S.C. § 1654.

4

Here, the plaintiff's mother has not signed the complaint. Therefore, the plaintiff's motion to add his mother as a plaintiff will be denied.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion to add his mother as a plaintiff (Docket # 6) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **denied.**

**IT IS FURTHER ORDERED** that this action will be dismissed unless plaintiff pays $338.82 balance of the filing fee within 30 days from the date of this order.

Dated at Milwaukee, Wisconsin this 26 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge